IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MOUNISH DAVENPORT                                                    PLAINTIFF

VS.                                     CIVIL ACTION NO.:

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA                                                   DEFENDANT

## AMENDED COMPLAINT

### TRIAL BY JURY REQUESTED

**COMES NOW** Mounish Davenport, Plaintiff herein, and submits this Complaint against American Bankers Insurance Company od Florida (also referred to herein as "American Bankers" or "Assurant"), Defendant herein, for breach of a flood insurance contract issued pursuant to the National Flood Insurance Program. Plaintiff alleges the following, upon information and belief:

### PARTIES

1. Plaintiff Mounish Davenport is an individual who resides and is domiciled in Mississippi in this judicial district. Plaintiff's property, located at 5807 Cypress Trail, Jackson, MS 39211, was insured against flood damages by Defendant at all relevant times.

2. Defendant's Policy No. is believed to be 90021148822019. Plaintiff does not attach a copy of the Policy in question hereto, but does hereby request a full and complete copy from Defendant, and such Policy and copy thereof is referenced herein and full and will be utilized and referenced herein as required and appropriate.

3. Defendant was and is a private insurance company doing business in Mississippi and may be served with process by serving its registered agent in Mississippi and/or otherwise in accordance with rules and laws governing the parties and this action. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA" or "the Act"), as amended, 42 U.S.C. 4001 et seq. Defendant issued Plaintiff a Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States, pursuant to 44 C.F.R. 62.23(d) and (i)(6). Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION AND VENUE

4. This action arises under the NFIA, federal regulations and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property and contents located in this judicial district.

5. This court has jurisdiction for this action pursuant to 42 U.S.C. 4072, such action involving disputed claims under an NFIA Policy.

6. This Court also has jurisdiction to hear this action pursuant to 42 U.S.C. 4072 because the insured property is located in this judicial district.

7. This Court also has jurisdiction pursuant to 28 U.S.C. 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 and 42 U.S.C. 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

## FACTUAL ALLEGATIONS AND CLAIM FOR RELIEF

9. Congress established the NFIP in 1968 in order to reduce the public burden of expenses after flood disasters pursuant to 42 U.S.C. 4001 et seq. The program is administered by the Federal Emergency Management Agency ("FEMA") pursuant to 42 U.S.C. 4011. FEMA promulgated the Policy and directed that these policies may be issued through private insurers known as "Write Your Own" (WYO) companies. Pursuant to such law(s) and 44 C.F.R. § 62.23 and 44 C.F.R. pt. 62 app. B. As "fiscal agent[s] of the Federal Government," WYO insurers deposit SFIP premiums in the United States Treasury and pay SFIP claims and litigation costs with federal money pursuant to 42 U.S.C. §§ 4017(a), (d); 44 C.F.R. §§ 62.23(g), (i)(6), (i)(9). WYO insurers cannot vary the terms of the SFIP without express written consent from the federal insurance administrator, pursuant to 44 C.F.R. §§ 61.4(b), 61.13(d)-(e).

10. Plaintiff incurred flooding losses to the insured property in question from a flood occurring thereon beginning February 14, 2021. Plaintiff promptly provided notice and has fulfilled all cooperation and all other conditions precedent for payment obligations to be present on the part of Defendant pursuant to such claims. Defendant has nevertheless failed to fully provide such payment and has provided notice and/or payment acknowledgement of less than the amount due under the policy and applicable laws and regulations applicable thereto and/or has either fully or partially denied such payment obligations.

11. Plaintiff's property in question sustained water damage as a result of the flood in question. All property, both personal property and real property, that was damaged by the contaminated flood waters must be fully repaired and/or replaced in accordance with the terms of the policy in question an applicable laws and regulations relating thereto.

12. Plaintiff made a claim with Defendant for the flood damage to the insured property and contents, and subsequently submitted a Proof of Loss for the policy limits. Defendant nevertheless either denied such claim in whole or in part or undervalued and underpaid Plaintiff's flood claim.

13. Plaintiff, individually and/or through designated agents/representatives, noted the impropriety of Defendant's assessment and/or payments and provided expert assessments relating thereto. Defendant has nevertheless still failed to comply with payment as required under the terms of the Policy and applicable law and regulations relating thereto.

14. As a result of the flood in question and the absence of compliance with the policy contract in question, Plaintiff has incurred and /or will incur significant expenses to repair and replace the flood-damaged property, for which payment obligations have been and/or are present on the part of Defendant.

15. FEMA and/or NFIP (collectively referred to as "FEMA/NFIP") enter into arrangements (the "Arrangement") with private insurance companies, also known as Write Your Own (WYO) Companies, to administer FEMA/NFIP flood insurance policies, and to adjust and pay claims accordingly as required. As part of the WYO Companies' Arrangement with the FEMA/NFIP, the WYO Companies, including Defendant herein, agree to adjust claims in accordance with their company claims

handling standards and practices, under the guidance of the NFIP Claims Manual. The WYO Companies and their agents get reimbursed from United States Treasury funds upon presentment of invoice(s) for services related to their handling of a flood insurance claim. There is little oversight of FEMA's/NFIP's reimbursement of the WYO invoices. Therefore, federal funds may be paid towards invoices presented where non-compliance with federal legal and regulatory requirements, as well as contractual requirements of the Policy in question, is present. Defendant herein has failed to comply with such requirements and obligations to Plaintiff, but is believed to have potentially submitted invoices or other communications to the United States government claiming reimbursement asserting and based upon representations that Defendant has complied with such requirements and obligations.

16. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied and/or unfairly underpaid or limited the payment on the Plaintiff's claim. Defendant has unfairly and improperly persisted in improperly denying and/or underpaying the claim despite being provided with extensive evidence as to the actual amount of damages incurred, and the necessary repair and replacement amounts for which no payment has been issued by Defendant to or for the benefit of Plaintiff.

17. Defendant has failed to perform, and has materially breached, the insurance contract as asserted and shown by the allegations hereinabove, and including, but not limited to: Defendant's erroneously utilizing damages assessment and/or adjustment report(s) that failed to include the required information about Plaintiff's loss and the damages sustained; and in wrongly denying and/or failing to pay Plaintiff for the amount it

5

18. owed Plaintiff for damages and repairs to property as required by the Policy in question and applicable laws and regulations relating thereto.

18. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for the covered losses, Defendant is liable to and owes Plaintiff for the full amount of covered loss damages, plus all costs and damages Plaintiff has sustained and/or will sustain as a foreseeable proximate result of such breach, and all costs associated with recovering, repairing and /or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

**WHEREFORE, PREMIES CONSIDERED,** Plaintiff prays for judgment against the Defendant for the full amount due under the Policy in question, plus all consequential damages, all costs and expenses incurred in connection with the filing and prosecution of this action, reasonable and necessary attorney's fees, and any and all other appropriate relief to which Plaintiff may be entitled.

        Respectfully Submitted,

        MOUNISH DAVENPORT
           **PLAINTIFF**

BY: _____
        Philip W. Gaines (MSB#4368)

**Counsel for Plaintiff:**

Philip W. Gaines
Philip W. Gaines, Attorney at Law
1675 Lakeland Dr., Ste 306
Jackson, MS 39216
Tel: 601-487-2020
Email: pwgaines@pwgaines.com
MS Bar #4368